IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RAINES, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 4:09-cr-31-CDL-MSH |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

_____

## REPORT AND RECOMMENDATION

On July 27, 2010, Petitioner pled guilty to possession with intent to distribute crack cocaine. He was sentenced by this Court on January 6, 2011, to 120 months in prison. (ECF Nos. 67, 71.) On February 27, 2013, and pursuant to this Court's directions, Petitioner filed an amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence seeking relief pursuant *Dorsey v. United States*, 132 S. Ct. 2321 (2012). (ECF No. 113.) The Government responded, waived the procedural default defense, and concurs in Petitioner's request to be resentenced. (Resp.'s Answer to Mot. to Vacate 14, ECF No. 118.) Petitioner's motion is now ripe for review.

**I.     Motion to Vacate**

Petitioner claims that because he was sentenced after August 3, 2010, the new Fair Sentencing Act ("FSA") should be applied to his case pursuant to *Hill v. United States*

and *Dorsey v. United States* (Am. Mot. to Vacate 9-12.)[1]  The FSA, effective August 3, 2010, "increased the drug amounts triggering mandatory minimums for crack trafficking offense from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum[.]"  *Dorsey v. United States,* --- U.S. ---, 132 S. Ct. 2321, 2329 (2012).  On June 21, 2012, the Supreme Court held that the Act's "new, more lenient mandatory minimum provisions do apply to those pre-Act offenders . . . who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3."  *Id.* at 2326.  Petitioner's offense occurred prior to August 3, 2010, and he was sentenced after August 3, 2010; therefore, *Dorsey* may apply to his case.

Petitioner pled guilty to possession with intent to distribute 135 grams of cocaine base.  The Guideline range used at Petitioner's sentencing was based on Petitioner's offense level of 29 with a criminal history category III and resulted in a range of 108 to 135 months, which became 120 to 135 months based on the mandatory minimum penalty.  Pursuant to the FSA, the new sentencing guideline penalty for 135 grams of crack cocaine is 5 to 40 years imprisonment.  Using the FSA guidelines, Petitioner would have a range of 108 to 135 months instead of 120 to 135 months.

The United States was ordered to file a response to the motion to vacate, and did so on April 15, 2013.  (ECF No. 118.)  In its Answer, the Government waived all

---

[1] Petitioner also asserts in his motion to vacate that his post-conviction conduct should be considered at sentencing, that he should be enrolled in the BOP's residential drug abuse program, and that the Court should appoint him counsel. (Am. Mot. to Vacate 13-14.)  These requests are more properly considered by the sentencing judge on argument by Petitioner's counsel, so they are not addressed herein.  Furthermore, if this recommendation is adopted, Petitioner will be appointed counsel for resentencing.  Petitioner's pending motion to appoint (ECF No. 111) will therefore be addressed at a later time.

objections to the Petitioner's motion for re-sentencing. (Resp.'s Answer to Mot. to Vacate 12-14.) The Government further consents to Petitioner's request that he be resentenced based on the new mandatory minimums as put in place by the FSA. (*Id.* at 14.) It is therefore recommended that Petitioner be considered for resentencing.

## II.     Certificate of Appealability

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 25th day of June, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE